UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALAK BAALIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-CV-848-JCH |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Malak Baalim for leave to commence this action without prepayment of the required filing fee. ECF No. 2. For the reasons discussed below, plaintiff's motion does not comply with the statute under which it may be granted. Accordingly, plaintiff will be directed to either file an amended application or pay the full $402 filing fee. Plaintiff will also be directed to file an amended complaint on a Court-provided form.

### Background

On July 13, 2021, plaintiff, otherwise known as Norbert K.O. Cody II, filed a civil action titled "Motion Notice of Petition Recovery of Monetary Damages." ECF No. 1. The complaint is handwritten and not on a Court form. Plaintiff names the State of Missouri and the Department of Corrections as defendants. Plaintiff claims to be a "creditor" and describes defendants as "debtors." Plaintiff alleges he was falsely imprisoned from December 25, 2020 to June 2, 2021. For relief, he seeks "$3,100,000 (Three million one hundred thousand) U.S. dollars." *Id.*

Plaintiff's motion for leave to proceed *in forma pauperis* is on a Court-provided form. ECF No. 2. However, plaintiff has neglected to provide any financial information. Although plaintiff does indicate he is unemployed, he has written "N/A" in every place on the form where a response is required.

**Discussion**

Under the Local Rules of this Court: "An application to proceed *in forma pauperis* shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. "The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, the Clerk can return any complaint submitted for filing *in forma pauperis* which is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a). E.D. Mo. L.R. 2.05(C). Under 28 U.S.C. § 1915(a)(1), the affidavit should include "a statement of all assets."

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Determining whether to grant or deny *in forma pauperis* status under § 1915 is within the sound discretion of the trial court. *Lee*, 231 F.3d at 458.

Here, the Court is unable to assess whether or not plaintiff should be granted *in forma pauperis* status because he has not provided the Court with any financial information. Plaintiff's "N/A" responses are wholly insufficient to convey plaintiff's personal financial situation or to allow the Court to determine whether he is indeed too impoverished to pay the filing fee.[1] Plaintiff did not include a list of all assets as required under the statute.

---

[1] Plaintiff has previously filed civil cases in this Court with defective applications to proceed *in forma pauperis*. *See Baalim v. U.S., et al.*, 4:19-CV-2569-AGF (plaintiff was instructed that "N/A" is not an appropriate response in an application to proceed without prepayment of fees and costs); *Baalim v. U.S., et al.*, 4:19-CV-2671-HEA (same).

As a result of plaintiff's failure to provide the required financial information, the Court cannot rule on his motion to proceed *in forma pauperis* in this matter. Thus, plaintiff will be directed to either file an amended motion for leave to proceed *in forma pauperis* with the required financial information or pay the full $402 filing fee in order for this case to proceed.

Additionally, plaintiff will be directed to file an amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Plaintiff will be given twenty-one (21) days in which to comply. Failure to submit an amended complaint on a Court-provided form, and to either pay the $402 filing fee or file an amended motion to proceed *in forma pauperis*, will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must either file an amended application to proceed in district court without prepaying fees of costs on a Court-provided form or pay the full $402 filing fee within **twenty-one (21) days of the date of this Memorandum and Order**. Plaintiff must follow the instructions provided on the Court form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a Court-provided form within **twenty-one (21) days of the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's form application to proceed in district court without prepaying fees of costs.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Civil Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 23rd day of July, 2021.

                                    /s/ Jean C. Hamilton  
                                    JEAN C. HAMILTON  
                                    UNITED STATES DISTRICT JUDGE