UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALAK BAALIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-CV-848-JCH |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the amended complaint of self-represented plaintiff Malak Baalim, otherwise known as Norbert K.O. Cody II. ECF No. 7. The Court previously granted plaintiff *in forma pauperis* status. ECF No. 5. The Court has carefully reviewed plaintiff's amended complaint and, for the reasons discussed below, will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Complaint

On July 13, 2021, plaintiff filed a civil action titled "Motion Notice of Petition Recovery of Monetary Damages." ECF No. 1. The complaint was handwritten and not on a Court form. Plaintiff named the State of Missouri and the Department of Corrections as defendants. Plaintiff claimed to be a "creditor" and described defendants as "debtors." Plaintiff appeared to allege a false imprisonment claim. On July 23, 2021, the Court directed plaintiff to file an amended complaint on a Court-provided form as required by the Local Rules of the Eastern District of Missouri. ECF No. 3.

## Amended Complaint

On August 17, 2021, plaintiff timely filed an amended complaint on the Court's 'Civil Complaint' form against the State of Missouri and Department of Corrections for "false

imprisonment, detainment, [and] detention." ECF No. 7. Plaintiff alleges his statement of claim as follows:

> I was unlawfully incarcerated from 12/25/20 to 06/02/21 held in custody in violation of the El Morocco Peace and Friendship Treaty 1787 article 7 and violation of uniform commercial code #2019042400584. Case # 2022-CR02131 and 2022-CR02131-01[.] My 4th, 5th and 6th amendment where [sic] violated as I was detained and interrogated without waiving any of my rights and without having an attorney present. I was arrested without being properly identified, forced to fingerprint under my late grandfather NORBERT CODY name. No witness ever show'd [sic] up to a[] court appearance to support the accusations brought agaisn't [sic] me. The court and plaintiff failed to state[] the cause of action for which relief may be granted pursuant to 509.050 on 03/17/21. I never received final disposition to information, complaint, indictment filed against me as I requested pursuant to 217.450. I was held pass[ed] 120 days without being given trial purusant [sic] to 217.490. I'm not given a fair trial with the Judges and Prosecutors being employed by the state and the State being the alle[g]ed injured party. I suffered emotional distress. My Charact[e]r has been dafamated [sic]. My Identity has been questioned and disrespected. I have lost personal relationships and business relationships.
>
> I missed out on financial gain from my llc's. I been mased in the eye and threanted [sic] by correctional officers. I have been held in a[] high security facility when my classification was medium security. I was denied ediquate [sic] health service & my vegan diet.

*Id.*

For relief, plaintiff requests $3,100,000 in monetary damages and to "place Norbert KO Cody II, Joy Ann Cody, Faith Elizibeth Cody, Hope Nicole Cody, and Clarissa Maria Evans on the don't detain, arrest, prosecute list." *Id.*

## Discussion

Plaintiff alleges he has been unlawfully incarcerated and cites to his underlying criminal case, *State v. Cody*, Case No. 2022-CR02131-01 (22nd Jud. Cir. 2021). The Court has reviewed the records of that case on Missouri Case.net, the State of Missouri's online docketing system.[1] Plaintiff was charged on March 18, 2021 with one count of burglary in the second degree, one

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

count of attempted stealing, one count of harassment in the first degree, and one count of harassment in the second degree. On May 5, 2021, plaintiff appeared for his arraignment. Plaintiff indicated he did not wish to obtain counsel or have counsel appointed for him, and the circuit court entered a plea of not guilty on plaintiff's behalf. The criminal case is not yet scheduled for trial.

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff initiated the instant action while his state prosecution is still pending. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. Consequently, plaintiff cannot maintain a claim for damages stemming from an allegedly wrongful incarceration unless and until the conviction is expunged or overturned in an appropriate proceeding. A claim for damages regarding a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. *See also Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir. 2014); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). In applying *Heck*, "there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted." *Simshauser v. State of Missouri*, No. 4:06-CV-1596-HEA, 2007 WL 162294, at *2 (E.D. Mo. Jan. 17, 2007). "If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases." *Id.*

Notwithstanding *Heck*, the complaint is also legally frivolous as to defendants Missouri Department of Corrections and the State of Missouri. Claims against these defendants are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, the State of Missouri, and by extension the Missouri Department of Corrections, is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (state and state agencies are immune from damages under § 1983). This immunity extends not only to plaintiff's claims of false imprisonment, but also to his conclusory allegations that he was "denied ediquate [sic] health service & my vegan diet."

Finally, to the extent plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state criminal proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of August, 2021.

    /s/ Jean C. Hamilton
    JEAN C. HAMILTON
    UNITED STATES DISTRICT JUDGE