# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MALAK BAALIM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:21-CV-848 JCH |
| STATE OF MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court upon self-represented plaintiff Malak Baalim's filing of a document, titled "Affidavit Reinstate Case 4:21-CV-848-JCH." ECF No. 15. The Court will construe the filing as a motion to reopen this closed matter. For the following reasons, the motion will be denied.

On July 13, 2021, plaintiff, otherwise known as Norbert K.O. Cody II, filed this civil action seeking relief from the State of Missouri and the Missouri Department of Corrections for false imprisonment. ECF Nos. 1, 7. Plaintiff cited to his pending underlying criminal case, *State v. Cody*, Case No. 2022-CR02131-01 (22nd Jur. Cir. 2021), in which he was charged with one count of burglary in the second degree, one count of attempted stealing, one count of harassment in the first degree, and one count of harassment in the second degree.

On August 20, 2021, the Court dismissed this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for three reasons: (1) plaintiff could not maintain a claim for damages stemming from an allegedly wrongful incarceration unless and until the conviction is expunged or overturned in an appropriate proceeding; (2) civil rights claims against the State of Missouri and Missouri Department of Corrections are barred by the Eleventh Amendment; and (3) to the extent

plaintiff could be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state criminal proceeding, such a request is barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). ECF Nos. 8, 9.

On October 25, 2021, after this action was closed, plaintiff submitted a "Motion to Enjoin to Stop State Prosecution." ECF No. 11. Plaintiff asserted he was a "primordial member of the Uaxa Shaktun De Mugdahmourdyah international register" and was "being held in custody in violation of the El Morroco Peace and Friendship Treaty." He stated he did not want to "contract" with the state court and, as a result, the state was harassing him. The Court denied the motion with the following instruction:

> The Court will deny this motion because its August 20, 2021 dismissal was without prejudice to plaintiff filing a new action in the future should he decide to do so; however, the instant case is closed for the reasons previously stated. To the extent plaintiff can be understood to seek the reinstatement of this case or a different civil case, he is advised that he cannot receive such relief by filing the instant motion or any other motions in this case.

ECF No. 12 at 2.

On November 23, 2021, plaintiff filed the instant document, titled "Affidavit Reinstate Case 4:21-CV-848-JCH," which the Court construes as a motion to reopen this closed matter. ECF No. 15. Within the document, plaintiff asks this Court "to reinstate case # 4:21-CV-848 JCH and enjoin, dismiss, stop the State of Missouri ongoing criminal proceeding against NORBERT CODY in case # 2022-CR-02121-01[.]" *Id.* at 1. He further complains that Judge Katherine Fowler, the Judge presiding over his state court criminal case, will not allow him to represent himself in his criminal proceedings, and asserts in a conclusory manner that his 4th, 5th, 6th, and 14th

2

Amendment rights have been violated by the State of Missouri.[1] The Court will deny this motion for the same reasons it denied plaintiff's October 25, 2021 "Motion to Enjoin to Stop State Prosecution." The Court notifies plaintiff that no further pleadings will be accepted in this closed cause of action unless pertaining directly to an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Affidavit Reinstate Case 4:21-CV-848-JCH," which the Court construes as a motion to reopen this closed matter, is **DENIED**. [ECF No. 15]

**IT IS FURTHER ORDERED** that no future filings will be accepted by this Court in this closed matter, unless pertaining directly to an appeal. The Clerk of Court is directed to return any future filings along with this Order, unless pertaining directly to an appeal, to plaintiff without filing.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this __2nd___ day of December, 2021.

\s\   Jean C. Hamilton

JUNITED STATES DISTRICT JUDGE

---

[1] The Court notes that on November 30, 2021, plaintiff initiated a new federal action against Judge Katherine Fowler alleging identical claims as in the instant "Affidavit." *See Baalim v. Fowler*, Case No. 4:21-CV-1411-ACL.